# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, and JAMES S. )
JORGENSEN, Administrator of the Funds, )
                          )
          **Plaintiffs,** )
                          )
       **v.** )          **Case No. 10-C-6988**
                          )
PRY PRECAST ERECTORS, INC., )      **Judge Aspen**
                          )
          **Defendant.** )

## PLAINTIFFS' MOTION FOR PROVE-UP OF DAMAGES

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively the "Funds"), and James S. Jorgensen, pursuant to Rule 55 of the Federal Rules of Civil

Procedure, by their attorney, move for an Entry of Default Judgment in Sum Certain against

Defendant Pry Precast Erectors, Inc. (hereinafter "defendant" or "Company"). In support of this

Motion, Plaintiffs state:

1.      On October 29, 2011, plaintiffs filed a complaint under Section 301(a), of the Labor

Management Relations Act, 29 U.S.C. § 185(a), as amended, and Section 502(a)(3) of the Employee

Retirement Income Security Act, 29 U.S.C. § 1132(a)(3), as amended, seeking to compel defendant

to submit payment for delinquent amounts owed pursuant to an audit for the time period of

September 5, 2009 through June 30, 2010; to submit to an audit; and to submit from September 5,

1

2009 forward benefits and dues reports and contributions..

2.      Pry Precast Erectors, Inc. is a dissolved Illinois corporation owned by Krista Pry, who also served as its President.

3.      Plaintiffs attempted personal service on the Company's registered agent without success.  As a result, on December 27, 2010, plaintiffs served Registered Agent Mary Leber by filing an Affidavit of Compliance for Service on Secretary of State Under the Business Corporation Act. On April 7, 2010, the Court entered default against the Company.  [Docket No. 7].

4.      As established by the Funds' Field Representative, Michael Christopher, the Funds' auditors from Richard J. Wolf and Company, Inc. reviewed the defendant's records reflecting contributions due to the Funds for the period from September 5, 2009 through June 30, 2010 The audit report reflects principal contributions owed to the Welfare, Pension, Training, LDCLMCC, CCA, and LECET funds, and for Union dues in the total amount of $96,993.06. (See, Michael Christopher Affidavit, Exhibit A ¶3; the audit report, Ex. B(1)).  The Company contested the audit, claiming it paid benefits to another pension fund on behalf of several employees.  As a result, the Funds revised the audit and the revised audit report reflects principal contributions owed to the Welfare, Pension, Training, LDCLMCC, CCA, and LECET funds, and for Union dues in the total amount of $24,548.56.  (See, Michael Christopher Affidavit, Ex. A, Ex. B(2)).

5.      According to the collective bargaining agreement and the respective Trust Agreements to which the defendant is bound, payment is also owed for liquidated damages in the amount of 20% (twenty percent) of the unpaid or late contributions to the Welfare, Pension, and Training funds, and 10% (ten percent) of the principal amount of delinquent contributions to the LDCLMCC, CCA and LECET funds, and for Union dues.  Additionally, interest is calculated at the

2

prime rate (as charged by Chase Bank) plus two percent is owed for all delinquencies. As established by the affidavit of Mr. Christopher, the liquidated damages to the Welfare, Pension and Training funds amount to $4,352.33, and the liquidated damages to the LDCLMCC, MCIAF, CCA, LECET and CISCO funds, and for Union dues, amount to $278.69. Interest is due in the amount of $26,737.18. (Mr. Christopher's affidavit, Ex. A, ¶ 4). These amounts are further detailed in the summary chart Mr. Christopher prepared, which is attached to Plaintiff's Motion for Default Judgment as Exhibit C.

6.	The cost of the audit billed to the Funds was $600.00, which the defendant is also obligated to pay, based on the respective Trust Agreements to which it is bound. (Mr. Christopher's affidavit, Ex. A, ¶6).

7.	Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Angie Cowan Hamada establishes the amount of attorneys' fees incurred in this matter are $4,630.00, and $616.50 in costs, which consist of court filing fees and service fees. (See, Affidavit of Angie Cowan Hamada, Exhibit D). Costs related to subpoenas may be taxed as costs under 28 U.S.C. § 1980. Little v. Mitsubishi Motors North America, Inc., 514 F.3d 699, 701 (7th Cir. 2008).

**WHEREFORE,** plaintiffs request entry of a judgment against Pry Precast Erectors, Inc., in a total amount of $35,026.08.

Respectfully submitted,

/s/ Angie Cowan Hamada
One of plaintiffs' attorneys

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600

Chicago, IL 60606
(312) 364-9400

January 18, 2012